IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFFORD DEAN OSMER, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-01268-N (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Clifford Dean Osmer, Jr., a former federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he asks "to be brought before the court to resolve warrant [3:23-mj-743]." Pet. at 7 (ECF No. 3). However, as explained below, the Court should DISMISS the petition as moot.

On August 4, 2023, the United States of America obtained an arrest warrant against Petitioner. *United States v. Osmer*, 3:23-mj-743 (ECF No. 2) (N.D. Tex. 2023). Petitioner was subsequently arrested and confined at Lew Sterrett Justice Center. Pet. at 3. On March 1, 2024, Petitioner placed the present habeas application in the mail. *See id.* at 10. But on May 16, 2025, upon the motion of the United States, the Court dismissed the government's criminal complaint against Petitioner. *United States v. Osmer*, 3:23-mj-743 (ECF No. 4). Now, it does not appear that Petitioner is incarcerated in connection with the underlying arrest warrant. *See* DALLAS COUNTY, Dallas County Jail Lookup System,

https://www.dallascounty.org/jaillookup/searchByName (last accessed Nov. 20, 2025).

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). Here, the May 16, 2025 dismissal of Petitioner's criminal complaint and his subsequent release provided him the relief he ultimately sought in his petition. The petition should therefore be dismissed as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam) (dismissing a § 2241 petition as moot after the petitioner's release where "the thrust of [the] petition [was] to be released from confinement"); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) ("If the only relief sought by [a petitioner] cannot be granted, the case is moot.").

### Recommendation

The Court should DISMISS the petition as moot.

Signed November 21, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).